# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| VIRGILIO FAJARDO, Sr. and VICTORIA SAMSON FARJADO, sole heirs at law of JOSEPH NICK FRANCIS SAMPSON FAJARDO, deceased,<br><br>　　　　　　Plaintiffs,<br><br>v.<br><br>Safeco Insurance Company of America,<br>　　　　　　Defendant. | Case No. 11-CV-2376-KGG |

### ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFFS' MOTION FOR SUMMARY JUDGMENT AND DENYING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT

Before the Court are Plaintiffs' Motion for Summary Judgment (Dkt. 15) and Defendant's [cross] Motion for Summary Judgment (Dkt. 17).[1] Both motions are presented on the same stipulated facts[2] and address the one remaining issue in this matter, which is whether Plaintiffs are entitled to interest on a settlement agreement amount under K.S.A. 40-2,126. Because the underlying claim was settled on February 9, 2011, and because the settlement was not paid within 30

---

[1] This case is assigned to the undersigned by consent of the parties. (Dkt. 8).

[2] The parties did not actually file a stipulation. The Court has disregarded some non-material inconsistent facts, including an additional fact included in Plaintiff's statement of facts.

days, the Court holds that plaintiffs are entitled to interest from the date of the settlement to the date the settlement was ultimately paid.

## FACTS AND BACKGROUND

The parties have presented cross motions for summary judgment on stipulated facts. Other facts are from the Court's record. None of the facts are contested.

**A.    Stipulated Facts**.

The decedent Joseph N. Fajardo died in an automobile accident on June 10, 2010. Counsel for Plaintiffs began settlement discussions directly with a representative of Defendant Safeco, the insurance carrier for alleged tort feasor, Alexander Scimeca. On February 8, 2011, Safeco tendered to Plaintiffs its policy limits of $100,000 to settle all claims stemming from the death of Mr. Farjardo. On February 9, 2011, Plaintiffs accepted defendant's liability policy limits tender of $100,000 in return for a full and final settlement. On March 7, 2011, Plaintiffs advised Defendant that the settlement should be finalized within 30 days of an accepted offer.

On April 20, 2011, Safeco's in-house counsel made contact with Plaintiff's counsel and forwarded proposed settlement documents. Prior to filing the lawsuit, Plaintiffs suggested to defendant on May 3, 2011, that it should pay the policy limits into court. Plaintiffs filed suit on June 2, 2011, in Kansas District Court,

Crawford, County, Kansas. Defendant removed the case to this Court on July 5, 2011. Plaintiffs' Petition asserts entitlement to 18% interest on the policy limits of $100,000 beginning February 8, 2011 pursuant to K.S.A. § 40-2,126. Defendant asserts that Plaintiffs are not entitled to interest as a matter of law pursuant to K.S.A. § 40-2,126. Defendant paid the policy limits of $100,000 to Plaintiffs on October 25, 2011m at a settlement and apportionment hearing held before this Court.

**B.     Other Facts of Record**.

The present is an action against the insurer Safeco for enforcement of a settlement agreement and for interest pursuant to K.S.A. § 40-2,126. The demand includes a claim for attorney fees. (Dkt. 1, Exhibit A). The parties jointly requested a "friendly" hearing to facilitate the payment of the principal settlement proceeds to Plaintiffs. At that hearing, held on October 25, 2011, the Court considered Plaintiffs' Motion for Apportionment of Wrongful Death Proceeds (Dkt. 10) and the Defendant's Motion for Approval of Wrongful Death Settlement and Apportionment of Settlement (Dkt. 11). As the titles suggest, Defendant's Motion, but not Plaintiffs', requested approval of the settlement itself. Both parties requested apportionment of the settlement. The Court, without objection, granted both motions, approving the settlement and apportioning the recovery to Plaintiffs. Reserved from the settlement was only Plaintiffs' claim for interest under K.S.A.

40-2,126. The parties agreed that issue should be decided upon motions for summary judgment as a matter of law. (Dkt. 13).

## ANALYSIS

**A.     The Standard for Summary Judgment**.

Summary Judgment should not be granted unless the evidence, viewed in the light most favorable to the opposing party, shows there are no genuine issues of material fact and the moving party is due judgment as a matter of law. Fed.R.Civ.P. 56(c). "Where, as here, the parties file cross motions for summary judgment, we are entitled to assume that no evidence needs to be considered other than that filed by the parties, but summary judgment is nevertheless inappropriate if disputes remain as to material facts." ***James Barlow Limited Family Partnership v. Munson***, 132 F.3d 1316, 1319 (10th Cir. 1997), *citing* ***Harrison Western Corp. V. Gulf Oil Co.***, 662 F.2d 690, 691-92 (10th Cir. 1981). In this case the material facts are not in dispute.

**A.     The Claim for Interest**.

This diversity case is an action based on an alleged settlement agreement entered into in Kansas, settling a Kansas insurance policy claim arising out of a motor vehicle accident which occurred in Kansas. Kansas law applies to the substantive issues.

K.S.A. § 40-2,126 provides,

> Except as otherwise provided by K.S.A. 40-447, 40-3110 and 44-512(a), and amendments thereto, each insurance company . . . which fails or refuses to pay any amount due under any contract of insurance within the time prescribed herein shall pay interest on the amount due. If payment is to be made to the claimant and the same is not paid within 30 calendar days after the amount of the payment is agreed to between the claimant and the insurer, interest at the rate of 18% per annum shall be payable from the date of such agreement.

Plaintiffs argue that they reached an agreement with Defendant for the payment of $100,000 on February 9, 2011, when they accepted Defendant's "tender" of policy limits for a full and final settlement of all claims. Therefore, because Defendant failed to make payment 30 days later (March 11, 2011), they claim entitlement to interest from the "date of such agreement" (February 9, 2011) to the date the amount was paid (October 25, 2011).

Defendant urges rejection of this claim. It argues that the statute was only intended to cover claims under a "contract of insurance" thus promoting an interpretation which would limit the statute's application to insureds, rather than third-party claimants. Defendant also argues that a wrongful death settlement is required under K.S.A. § 60-1905 to be apportioned by the Court, thus the amount is not due until the conclusion of the apportionment hearing. Defendant claims that in this case only a "tentative structure of the settlement had been agreed upon previously" which could not be finalized until the Court apportioned the settlement

proceeds under K.S.A. § 60-1905.  Defendant argues that the amount was not "due," within the meaning of K.S.A. § 40-2,126, until the conclusion of the apportionment hearing.  Defendant also argues that the amount was not due until Plaintiffs signed the settlement agreement at the October 25, 2011, hearing.

The plain language of the statute does not support the argument that the statute only applies between the contracting parties to the insurance agreement.  Amounts payable to third-party claimants are payable "under a contract of insurance."  Most telling, though, the statute provides the relief to "claimants," not merely "insureds."  Insureds, and those injured by insureds, both make "claims" under insurance contacts and both are "claimants."  If the legislature had intended to limit the remedy to insureds it could have easily and clearly done so.

The leading case relied upon by Defendant is ***Hudgens v. CNA/Continental Casualty Company***, 252 Kan. 478, 845 P.2d 694 (1993), which is the only ruling from the Kansas state appellate courts interpreting K.S.A. § 40-2,126.  In that case, the statute was leveled against a delay in paying a medical malpractice settlement which required payment by the Kansas Health Care Stabilization Fund.   State law specifically required such a settlement to be approved by a court.  K.S.A. § 40-3410.  The Kansas Supreme Court held that the settlement agreement between the parties was preliminary because it required court approval.  Therefore the settlement monies were not due until court approved, thus defeating the interest

claim.  *Hudgens*, 252 Kan. at 484.

The Defendant also cites the case of ***Barncord v. Kansas Dept. Of Transportation***, 228 Kan. 289, 613 P.2d 670 (1980), for the proposition that a payment which requires approval, in that case by the Workers Compensation Director, is not "due" until approval is obtained.  While ***Barncord*** does not interpret the statute at issue here, the principal that payment of an agreed settlement amount which requires approval is not due until approved is applicable to the question at issue.

So the question *sub judice* is whether, as of March 11, 2011 – 30 days after the Plaintiffs' acceptance of the offer tendered by the Defendant – the payment of $100,000 was "due" or whether it required court approval under K.S.A. § 60-1905.

K.S.A. § 60-1901 recognizes and defines the Kansas cause of action for wrongful death.  K.S.A. § 60-1905 requires that the "net amount recovered in any such action . . . shall be apportioned by the judge upon a hearing . . . ."  However, there is no language in K.S.A. § 60-1901 *et seq.* (including in K.S.A. 60-1905), that requires court approval for a settlement, either before or after a case is filed.

K.S.A. § 60-1905 only requires an apportionment hearing <u>after recovery,</u> when an <u>action</u> under K.S.A. § 60-1901 has resulted in the recovery.  There is nothing in the statutes that prohibits the settlement from being completely accomplished, including any apportionment, without a court hearing if no <u>action</u> is

filed. While the parties may be at risk of claims by persons not parties to the agreement if no hearing is held, and such agreements may wisely be made contingent on a hearing, such is not legally mandated if the parties are competent adults. As of February 9, 2011, when the tender was accepted, no wrongful death action had been filed. Thus, no apportionment hearing was required if there was a completed agreement.

Notably, the present action is not a wrongful death action under K.S.A. § 60-1901 *et seq.*, but rather is a contract action to enforce a settlement agreement. The Court can always conduct a settlement hearing at the request of the parties to protect the parties and counsel, and such a hearing is often advisable. However, neither the settlement hearing nor the apportionment hearing in this case were mandated by law because the settlement amount was not recovered in a wrongful death action.

A settlement agreement is a contract, governed by the law of contracts. **Ferguson v. Smith**, 31 Kan. App.2d 311, 313, 63 P.3d 1119 (2003). A settlement agreement need not be in writing. **Lewis v. Gilbert**, 14 Kan. App.2d 201, 785 P.2d 1367 (1990). The parties have stipulated that the Defendant "tendered" (a stronger term than "offered") policy limits to settle all claims stemming from decedent's death, and that Plaintiffs accepted the tender on the same terms. This was an "unconditional and positive acceptance" which formed a contract. **Nungesser v.**

*Bryant*, 283 Kan. 550, 565, 153 P.3d 1277 (2007).  There are no facts indicating that the tender was an offer conditioned on filing a wrongful death action, on court approval, or even on the completion of a written settlement agreement.  Based on the stipulations before the Court, when Plaintiffs accepted the tender of policy limits on February 9, 2011, the deal was done and the money was due.

In their Motion for Summary Judgment, Plaintiffs also request attorney fees under K.S.A. § 40-256, arguing that the failure of Defendant to pay was "without just cause or excuse."  This claim, however, was not reserved from the settlement as announced to the Court (Dkt. 13) and is, therefore, **DENIED**.

Plaintiffs' Motion for Summary Judgment is **GRANTED in part** and **DENIED in part** as set forth above.  Plaintiffs are awarded additional damages in amount of twelve thousand seven hundred twenty-three and 30/100 dollars ($12,723.30) (18% per annum on the settlement amount of $100,000 from February 9, 2011, until October 25, 2011).  Defendant's Motion for Summary Judgment is **DENIED**.

**IT IS SO ORDERED**.

      S/ KENNETH G. GALE
KENNETH G. GALE
United States Magistrate Judge